## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUAN REN and KUI CAO,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>　　　　　Defendants. | Civil Action No. 25-cv- 730<br><br><br>**FILED UNDER SEAL** |

## COMPLAINT

Plaintiffs Quan Ren and Kui Cao ("Plaintiffs"), by and through their undersigned counsel, hereby file this Complaint against The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A hereto (collectively, "Defendants"). Defendants, through online commerce platforms including without limitation Amazon.com, Shein.com, and Walmart.com (collectively, the "Seller IDs"), have infringed, and continue to infringe, on Plaintiffs' United States Patent No D1,043,405 (the "Watch Cover Patent") by manufacturing, distributing, importing, offering for sale, and/or selling products encapsulating the patented design in violation of 35 U.S.C. § 271 (the "Infringing Products"). Plaintiffs must take immediate action to halt Defendants' ongoing and willful infringement of their patent, and to protect unsuspecting consumers from purchasing potentially dangerous and inferior Infringing Products over the Internet. Plaintiffs have been and continue to be irreparably harmed by Defendants' infringement of Plaintiffs' Watch Cover Patent and, therefore, Plaintiffs seek

injunctive relief to halt such infringement and irreparable harm. Plaintiffs also seek monetary relief for the injury they have sustained and are sustaining. In support thereof, Plaintiffs state as follows:

## <u>NATURE OF THE ACTION</u>

1.      Quan Ren and Kui Cao are both residents and citizens of the People's Republic of China engaged in the business of developing products for sale utilizing internet based e-commerce websites. These websites sell Plaintiffs' products in the United States of America and abroad. Through their business, Plaintiffs developed a unique protective and ornamental case for a watch. Specifically, the Plaintiffs' designed watch cover is the subject of the Watch Cover Patent.

2.      Plaintiffs applied for a patent with the United States Patent and Trademark Office on September 29, 2022, and were granted the Watch Cover Patent, U.S. Patent No. D1,043,405 S on September 24, 2024. The patented design represents a novel approach to watch protection, distinguished from prior art by its unique design. Specifically, the watch cover introduces innovative features not found in existing designs which provide enhanced protection and aesthetic appeal that were not previously available in the market. A copy of the Watch Cover Patent entitled "PROTECTIVE CASE FOR A WATCH," is attached as **Exhibit 1**.

3.      Quan Ren and Kui Cao, are the owners of all right, title and interest in, and have standing to sue for infringement of the Watch Cover Patent.

4.      After obtaining the registration for the Watch Cover Patent, Plaintiffs conducted an internet inquiry and discovered that the Defendants were selling products that embodied the Watch Cover Patent, despite having no license or authorization from Plaintiffs.

5.      Defendants' Infringing Products are of demonstrably inferior quality and durability compared to Plaintiffs' genuine products, which were rigorously tested and quality-controlled, posing potential safety risks to consumers. The Infringing Products threaten to destroy Plaintiffs'

reputation and goodwill and cause significant harm to Plaintiffs' business, for which there is no adequate remedy because sale of products embodying the Watch Cover Patent is the core of Plaintiffs' business.

6.      On information and belief, Defendants' infringing activities of offering for sale and selling Infringing Products arise from the same transaction, occurrence, or series of transactions. Specifically, on information and belief, Defendants are actively participating in a conspiracy to distribute and sell Infringing Products to United States consumers. Further, Defendants, on information and belief, are knowingly and systematically working in concert to manufacture, arrange the manufacture of and/or sell and otherwise distribute the Infringing Products as part of a coordinated scheme to profit from patent infringement. Moreover, the Infringing Products and their corresponding listings share similar characteristics suggestive of common ownership or scheme.

7.      Plaintiffs therefore bring this action for federal patent infringement pursuant to 35 U.S.C. § 271, et seq.

## JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1338(a), 1331.

### Personal Jurisdiction

9.      This Court may exercise personal jurisdiction over a non-resident of the State in which the Court sits to the extent authorized by the state's laws. Fed. R. Civ. P. 4(e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to 42 Pa. Cons. Stat.§ 5322 (a) which provides in pertinent part: "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1)

Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit."

10.     Alternatively, Federal Rule of Civil Procedure 4(k) confers personal jurisdiction over the Defendants because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in Pennsylvania and in this judicial district, and/or derive substantial revenue from their business transactions in Pennsylvania and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the Commonwealth of Pennsylvania such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal infringing actions caused injury to Plaintiffs in Pennsylvania and in this judicial district such that Defendants should reasonably expect such actions to have consequences in Pennsylvania and in this judicial district.

11.     Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including Pennsylvania, through on-line platforms and storefronts, via on-line marketplace websites such as Amazon.com, Shein.com, Walmart.com, and others (the "Third Party Platforms"), under the Seller IDs, as well as any and all as yet undiscovered accounts with online storefronts held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert

or participation with any of them, through which consumers in the United States, including Pennsylvania, can view the one or more of Defendants' online storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Infringing Products and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including Pennsylvania, as a means for establishing regular business with the U.S., including Pennsylvania.

12.    Upon information and belief, Defendants are sophisticated sellers, operating one or more commercial businesses using their respective storefronts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them in wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically Pennsylvania.

13.    Upon information and belief, Defendants' online storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S. and into this judicial district.

14.    Upon information and belief, all Defendants accept payment in U.S. Dollars, collect and pay Pennsylvania sales tax, and offer shipping to the U.S., including to Pennsylvania.

15.    Defendants have transacted business with consumers located in the U.S., including Pennsylvania, for the sale and shipment of the Infringing Products.

16.     Plaintiffs also market and offers for sale their genuine products to consumers in the U.S., including Pennsylvania through authorized distributors and third parties via the Internet. **Exhibit 2** hereto are true and correct images of Plaintiffs' genuine products.

17.     Upon information and belief, Defendants are deliberately employing and benefiting from coordinated paid advertising and marketing strategies in order to make their storefronts selling illegal goods appear more relevant and attractive to search result software across an array of queries. By their actions, Defendants are causing concurrent and indivisible harm to Plaintiffs and the consuming public by (i) depriving Plaintiffs of their right to fairly compete for space within the various on-line marketplace search results and reducing the visibility of genuine Plaintiffs' products on various on-line marketplaces and/or diluting and driving down the retail market price for the (ii) causing an overall degradation of the value of the goodwill associated with Plaintiffs' works and goods; and (iii) increasing Plaintiffs' overall cost to market their goods and educate consumers about their brand and products.

18.     Defendants are concurrently targeting their infringing activities toward consumers and causing harm in Pennsylvania.

19.     Upon information and belief, many Defendants reside and/or operate in and/or purchase the illegal goods from foreign jurisdictions with lax or nonexistent intellectual property enforcement systems.

20.     Upon information and belief, Defendants are aware of Plaintiffs' products and are aware that their illegal infringing actions alleged herein are likely to cause injury to Plaintiffs in the United States, in Pennsylvania and in this judicial district specifically, as Plaintiffs conducts substantial business in Pennsylvania.

**Venue**

21.     Venue is proper in this Court under 28 U.S.C. § 1400(b), the specific venue statute for patent infringement actions which states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement."

22.     Additionally, venue is proper under 28 U.S.C. § 1391(b)(2) which authorizes civil action to be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

23.     Here, Plaintiffs' infringement investigation centered not only on the sale of products with substantially similar patterns to their Watch Cover Patent, but also the state in which Defendants were selling the Infringing Products - Pennsylvania. Therefore, Defendants have committed acts of infringement in the forum and a substantial part of the events giving rise to Plaintiffs' claims occurred within this forum.

24.     As discussed above and shown in Plaintiffs presented evidence attached as Exhibit 3, each of the Defendants offers for sale products infringing upon Plaintiffs' Design to consumers in the forum. Select screenshots of Plaintiffs' evidence demonstrates that Defendants were and are offering for sale and/or selling Infringing Products in this forum. This exemplary evidence is included in the table below:

| Seller ID and Doe # | Evidence |
|---|---|
| **DOE #2 - Amazon - AirLand - A211DMKAY2ZGJK** |  |
| **DOE #20 - Amazon - JZK - A2K3SWULV2S9J9** | |

| Seller ID and Doe # | Evidence |
| --- | --- |
| **DOE #50 - Walmart - Phmnkl** |  |
| **DOE #51 - Walmart - YITING** | |

25.     Each Defendants' offering of Infringing Products for sale within this forum is a substantial part of Plaintiffs' claims and establishes a proper venue in this district. Further, Defendants are not prejudiced by Plaintiffs' selection of venue, as they may have the right to file a motion, after receiving notice of the case, contesting venue and explaining why the case should be dismissed or transferred.

26.    Venue in this district is further justified by 28 U.S.C. § 1391(b)(3) and 28 U.S.C. § 1391(c)(3). Section 1391(b)(3) states "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" is an appropriate venue. In addition to being subject to personal jurisdiction before this Court arising from their tortious acts within the forum, Defendants are foreign companies who do not reside in any other United States judicial district, as provided for in Section 1391(b)(1); meaning that if the Court rejects Plaintiffs' claims of substantiality, venue is not otherwise provided for under Section 1391(b) and is appropriate here as this Court has personal jurisdiction over Defendants.

27.    Accordingly, venue is proper before this Court either because a substantial part of events giving rise to Plaintiffs' claims occurred in the district, or else because Defendants do not reside in any State and are subject to this Court's exercise of personal jurisdiction, or else because Defendants are nonresidents of the United States.

28.    For the reasons stated above, venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants. In short, each of the Defendants is committing tortious acts in Pennsylvania via offering for sale and/or sale of their infringing goods through their online marketplaces, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the Commonwealth of Pennsylvania.

## THE PARTIES

### Plaintiffs Quan Ren and Kui Cao

10.    Quan Ren and Kui Cao, are residents and citizens of the People's Republic of China. Plaintiffs licensed the Watch Cover Patent to various businesses such as Tauri and Spigen, which

are engaged in the sale of various products through the use of authorized distributors and Internet-based e-commerce stores.

11.     Plaintiffs run a successful business selling, among other items, products using their Watch Cover Patent. Plaintiffs' business conducts substantial commercial operations including sales and advertising of their patented products. Plaintiffs are the owners of all rights, title, and interest in the Watch Cover Patent which has been registered in the United States and China.

12.     Among the exclusive rights granted to the Plaintiffs under the Patent Act are the exclusive rights to manufacture, distribute, import, offer for sale, and/or sell goods encapsulated by Plaintiffs' Watch Cover Patent.

13.     Plaintiffs plan to expand the manufacturing and sales of products which embody their patented designs, including the design in the Watch Cover Patent. Plaintiffs also license their patent to other manufacturers who will be using the designs on various products.

14.     Plaintiffs' products are known for their distinctive patented designs. These designs are broadly recognized by consumers and are highly sought after watch covers, with demonstrated commercial success in the smartwatch accessory market. Watch covers styled after these designs are associated with the quality and innovation that the public has come to expect from Plaintiffs' products. Plaintiffs use these designs in connection with their Products, including, but not limited to, the designs shown in the below table and in Exhibit 1. Plaintiffs' products, including those which embody the Plaintiffs' Watch Cover Patent, are marked in compliance with 35 U.S.C. § 287(a).

| Patent Number | Claim | Issue Date |
|---|---|---|
| D1,043,405 S | FIG.1<br><br>FIG.2 | Sep. 24, 2024 |

| Patent Number | Claim | Issue Date |
|---|---|---|
| |  FIG.3 FIG.4 FIG.5 | |

| Patent Number | Claim | Issue Date |
|---|---|---|
| | FIG.6 | |
| | FIG.7 | |
| | FIG.8 | |

15.     Plaintiffs have spent substantial time and money advertising their goods and plans to continue expanding their advertising and promotion of genuine goods embodying the Watch Cover Patent by authorized distributors and third parties via the Internet. Over the past several years, visibility on the Internet, particularly via e-commerce Third Party Platforms such as Amazon, eBay, TikTok, Temu, Shein, Wish, Walmart, and others, has become increasingly important to Plaintiffs' overall marketing. Thus, Plaintiffs and their authorized distributors will be expending significant monetary resources on Internet marketing, including search engine optimization ("SEO") strategies. Those strategies allow Plaintiffs and their authorized retailers to educate consumers fairly and legitimately about the value associated with genuine Plaintiffs' products. Similarly, Defendants' individual Seller IDs are indexed on the Third Party Platforms and compete directly with the Plaintiffs for space in the search results, resulting in a flooding of the market with Infringing Products and irreparably harming the Plaintiffs and their business.

**The Defendants**

16.     Defendants are individuals and business entities who, upon information and belief, reside and/or operate the Seller IDs in the People's Republic of China and other foreign jurisdictions or redistribute products from the same or similar sources in those locations.

17.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants conduct business or assist in business conducted throughout the United States (including within the Commonwealth of Pennsylvania and this Judicial District) through the manufacturing, online advertising and offering for sale, and importation and distribution of products that embody infringing versions of Plaintiffs' Watch Cover Patent. Defendants conduct business, or assist in business conducted, throughout the United States (including within the Commonwealth of Pennsylvania and this Judicial District) through the public display, online

advertising and selling, and importation and distribution, of items that incorporate infringing versions of Plaintiffs' Watch Cover Patent.

18.     The Seller IDs share unique identifiers establishing a logical relationship between them and reflecting that Defendants' illegal operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their sophisticated infringing operation, including changing the names of their stores multiple times, opening new stores, helping their friends open stores, and making subtle changes to their products and listings.

19.     On information and belief, Defendants create their online Seller IDs and advertise what appear to be genuine versions of Plaintiffs' patented products, without any permission or license from Plaintiffs.

20.     Defendants appear to be an interrelated group of infringers, who create the Seller IDs on various third-party online platforms and design these stores to appear to sell genuine versions of Plaintiffs' products, while they actually sell inferior infringing imitations of Plaintiffs' products. The Seller IDs share unique identifiers, such as common design elements, the same or similar Infringing Products they offer for sale, product descriptions, shopping cart platforms, and accepted payment methods. They also use the same or similar check-out methods, absent or fake contact information, identically priced or similarly priced Infringing Products and volume sales discounts. These numerous similarities establish a logical relationship between Defendants and show the likelihood that their illegal operations arise out of the same transaction or occurrence.

21.     These tactics used by Defendants to conceal their identities, and the full scope of their illegal operation, make it virtually impossible for Plaintiffs to learn the precise scope and the

exact interworking of their illegal network. Should Defendants provide additional credible information regarding their identities, which they are required to present as part of their defense, Plaintiffs will amend the Complaint accordingly.

## DEFENDANTS' UNLAWFUL CONDUCT

22.     The success of online sales of products to the United States has resulted in significant infringement of Plaintiffs' Watch Cover Patent. Consequently, Plaintiffs regularly investigate suspicious e-commerce stores identified in proactive Internet sweeps. Plaintiffs have identified hundreds of fully interactive e-commerce stores, including the Seller IDs, offering for sale and/or selling Infringing Products to consumers in this Judicial District and throughout the United States. These Infringing Products are watch covers that closely mimic the invention patented by Plaintiffs, including the same overall shape, dimensions, and aesthetic features.

23.     Specifically, the Infringing Products have the same curved face designed to fit around a specific type of smart watch, with a similar opening, snap closed feature, and other design elements as described in Plaintiffs' patent and shown by the images in the table above. Based on Plaintiffs' investigation, Defendants have sold countless varying types of these Infringing Products, with an unknown total retail value. The Infringing Products have been distributed to customers across the U.S., severely impacting the market for Plaintiffs' genuine products.

24.     Defendants operate at least the Seller IDs identified in Schedule A and engage in the unauthorized reproduction, public display, and distribution of goods embodying Plaintiffs' Watch Cover Patent and/or substantially similar thereto.

25.     Defendants' sale, distribution, and advertising of Infringing Products are highly likely to cause consumers to believe that Defendants are offering and selling authorized products when in fact they are not. The Infringing Products are watch covers that infringe Plaintiffs Watch

Cover Patent, which directly copies the design described in the patent drawings, the overall aesthetic features, including the exact proportional relationships and surface contours that distinguish the original design. *See* **Exhibits 1-3**.

26.    Images of the Seller IDs' Infringing Products demonstrate a verbatim reproduction of these specific patented design elements, causing consumer confusion and market harm. To illustrate, below are several examples using several of the Seller IDs included in Schedule A attached hereto which show that the Infringing Products embody Plaintiffs' Watch Cover Patent:



| Plaintiffs' Patented Design | Infringing Listing |
|---|---|
| | DOE #1 - AilunUS - A11HC9SRN13WHM |
| | DOE #5 - Amizee - A1FY1O51DABUHV |



| Plaintiffs' Patented Design | Infringing Listing |
|---|---|
| | DOE #48 - Bidesheng |
| | DOE #51 - YITING |

27.     Screenshot evidence showing each Seller ID on Schedule A selling Infringing Products is attached as **Exhibit 3.**

28.     Defendants' unauthorized manufacture, distribution, importation, offering for sale, and/or sale of products embodying Plaintiffs' Watch Cover Patent is irreparably harming Plaintiffs and their business.

29.     According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price

("MSRP") of goods seized by the U.S. government in fiscal year 2023 was over $2.7 billion. (*See* **Exhibit 4** at 2). Internet websites like the Seller IDs are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. (*See* **Exhibit 5** at 8).

30.    E-commerce retail platforms such as those used by Defendants do not subject new sellers to verification and confirmation of their addresses and identities, thus allowing infringers to extensively use false names and addresses when registering with these e-commerce retail platforms and open multiple Seller IDs in attempts to avoid detection.

31.    As stated above, Defendants employ and benefit from substantially similar advertising and marketing strategies. Defendants facilitate sales by designing Seller IDs so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Online internet stores like the Seller IDs appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay, Western Union, PayPal, and other reputable payment platforms. Online internet stores like the Seller IDs often include content and images that make it exceedingly difficult for consumers to distinguish such stores from an authorized retailer. Plaintiffs have not licensed or authorized any of the Defendants to manufacture, distribute, import, offer for sale, and/or sell goods embodying Plaintiffs' Watch Cover Patent, and none of the Defendants are authorized to sell Plaintiffs' products.

32.    Upon information and belief, Defendants have engaged in fraudulent conduct when registering the Seller IDs by providing false, misleading, and/or incomplete information to e-commerce platforms. Upon information and belief, certain Defendants have anonymously registered and maintained aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

33.     Upon information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing Products on e-commerce platforms such as Amazon, Shein, and Walmart, and other Third Party Platforms. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identities and the full scope and interworking of their illegal operation, and to avoid being shut down.

34.     Upon information and belief, each Defendant operates more than one merchant storefront.

35.     Upon information and belief, each Defendant operates merchant storefronts across multiple e-commerce marketplaces.

## JOINDER OF DEFENDANTS

36.     As stated above, on information and belief, Defendants often operate under multiple fictitious aliases, and unauthorized on-line retailers such as the Seller IDs often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other identifying information and likewise omit other seller aliases that they use. Further, such unauthorized retailers include other notable common features on their internet stores such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, similarities in price and quantities, and/or the use of the same text and stock images or artificially produced images.

37.     The Infringing Products offered for sale by unauthorized retailers such as the Seller IDs often bear irregularities and indicia of being unauthorized that are similar to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that these unauthorized retailers are interrelated.

38. On information and belief, groups of infringers such as Defendants here are typically in communication with each other. They regularly participate in WeChat chat rooms, and communicate through websites such as sellerdefense.cn and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and new lawsuits. *See* **Exhibit 6**. Infringers such as Defendants commonly operate under multiple seller aliases and payment accounts so that they can continue operation despite enforcement efforts.

39. Analysis of financial account transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of the U.S. and this Court. Further analysis of similar cases shows that defendants often sweep their accounts in case their infringing activities are detected, and their accounts are frozen, at which time defendants may settle for small amounts to regain access to the remaining funds or abandon their stores altogether and start fresh with a new alias.

40. Here, on information and belief, Defendants maintain offshore bank accounts and regularly move funds from their financial accounts that are associated with the activity complained of herein to such offshore accounts based outside of the jurisdiction of this Court. On information and belief, Defendants undertake such activity in an attempt to avoid payment of any monetary judgment awarded based on their infringement of intellectual property rights.

41. Defendants appear to be an interrelated group of infringers, who create numerous Seller IDs and design these stores to appear to be selling genuine versions of Plaintiffs' products, while they are actually selling inferior, unauthorized imitations of Plaintiffs' products. The Seller IDs share unique identifiers, such as the following: common design elements, the same or similar infringing products that they offer for sale, similar infringing product descriptions, the same or substantially similar shopping cart platforms, the same accepted payment methods, the same

22

check-out methods, the same dearth of contact information, and identically or similarly priced infringing products and volume sales discounts. The foregoing similarities establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same series of transactions or occurrences.

42.    These tactics used by Defendants to conceal their identities and the full scope of their infringing operations make it almost impossible for Plaintiffs to learn the precise scope and the exact interworking of their illegal network. In the event that Defendants provide additional credible information regarding their identities, Plaintiffs will take appropriate steps to amend the Complaint.

## COUNT I
## PATENT INFRINGEMENT OF U.S. PATENT No. 8,151,720

48.    Plaintiffs hereby re-allege and incorporate by reference each of the allegations set forth in the preceding paragraphs.

49.    Defendants make, use, sell, offer for sale, and/or import into the United States products that infringe Plaintiffs' Watch Cover Patent.

50.    Defendants' Infringing Products and the invention claimed in Plaintiffs' Watch Cover Patent are substantially the same. Said sameness deceives prospective purchasers and induces them to purchase Defendants' products supposing them to have come from Plaintiffs.

51.    Defendants' Infringing Products misappropriate the novelty of the invention by directly copying the patented design's unique structural mechanism. Specifically, the infringement occurs through: (1) Reproducing the exact curved geometrical shape that allows precise fitting around a smartwatch; (2) Implementing the identical snap-closure mechanism that provides secure attachment; and (3) Mimicking the precise surface contours and proportional relationships that

distinguish the original design, thereby mechanically and aesthetically replicating the protected invention without authorization.

52.     Defendants' Infringing Products misappropriate the novelty of the invention claimed in the Watch Cover Patent that distinguished Plaintiffs' patented invention from the prior art.

53.     Defendants sell, offer for sale, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the novel invention claimed in the Watch Cover Patent. No licensing agreements exist between Plaintiffs and Defendants regarding the Watch Cover Patent. Defendants have infringed the Watch Cover Patent through the acts complained of herein and will continue to do so unless enjoined by this Court.

54.     Defendants have had actual and constructive notice of Plaintiffs' rights in the Watch Cover Patent because the Watch Cover Patent is clearly marked on products embodying the patented design and their packaging with the patent number in accordance with 35 U.S.C. § 287. Plaintiffs also list the patent number associated with each of their products on their online storefront.

55.     Defendants' infringement of the Watch Cover Patent has been willful and deliberate, as evidenced by their continued sale of infringing products despite actual knowledge of Plaintiffs' patent rights, their deliberate copying of the patented design's distinctive features, and their attempts to conceal their infringing activities through multiple seller aliases.

56.     Defendants' infringement of Watch Cover Patent has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful rights under U.S. patent law to exclude others from making, using, selling, offering for sale, and importing the designs claimed in the Watch Cover Patent. This infringement has directly impacted Plaintiffs' revenue and sales, causing

a significant decrease in market share and substantial financial losses. Furthermore, the influx of Infringing Products has led to price erosion in the market, forcing Plaintiffs to lower their prices to remain competitive, thereby reducing their profit margins and overall revenue.

57.    Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

58.    Plaintiffs are entitled to recover damages adequate to compensate Plaintiffs for Defendants' infringement of the Watch Cover Patent, including Defendants' profits pursuant to 35 U.S.C. § 289.

59.    Plaintiffs are entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284, including enhanced damages up to three times the amount found or assessed, due to Defendants' willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and entry of an Order pursuant to 28 U.S.C. § 1651(a), the All Writs Act, directing as follows:

(1)    Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them be permanently enjoined and restrained from the following activities, as Plaintiffs will demonstrate (1) that they have suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiffs and defendants, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction:

(a)    making, using, importing, offering for sale, and selling any product not authorized by Plaintiffs that includes any reproduction, copy, or colorable

imitation of the invention claimed in the Watch Cover Patent, or inducing others to do the same;

(b)    effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein; and

(c)    aiding abetting, contributing to, or otherwise assisting anyone in infringing the Watch Cover Patent.

(2)    Directing that Defendants deliver for destruction all products not authorized by Plaintiffs that include any products embodying a reproduction, copy, or colorable imitation of Plaintiffs' Watch Cover Patent.

(3)    Entering an Order that all banks, savings and loan associations, other financial institutions, payment processors, on-line marketplaces, and other third-parties who are in active concert or participation with Defendants, shall, within two (2) business days of receipt of an Order entered by this Court:

(a)    Locate all accounts connected to Defendants;

(b)    Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets; and

(c)    Transfer to Plaintiffs all funds restrained in such accounts up to the amount of any monetary relief awarded to Plaintiffs by this Court within ten (10) business days of receipt of such Order.

(4)    Entering an Order that, until Plaintiffs have recovered full payment of monies owed to it by Defendants, in the event that any new financial accounts controlled or operated by Defendants are identified, Plaintiffs shall have the ongoing authority to direct any banks, savings

and loan associations, other financial institutions, payment processors, and on-line marketplaces, with whom such newly identified accounts are maintained, to carry out the following activity:

      (a)    Locate all accounts connected to Defendants;

      (b)    Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets; and

      (c)    Transfer any funds restrained in such accounts to Plaintiffs within ten (10) business days of receipt of this Order.

(5)    Awarding Plaintiffs such damages as it may prove at trial that are adequate to compensate Plaintiffs for Defendants' infringement of Plaintiffs' Watch Cover Patent, including but not limited to: lost profits and/or a reasonable royalty, and awarding Plaintiffs all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the Watch Cover Patent, in accordance with 35 U.S.C. § 284, together with prejudgment and post-judgment interest, including treble damages due to willful infringement under 35 U.S.C. § 284;

(6)    Alternatively, should the Court not award Plaintiffs statutory damages, that Defendants be ordered to pay to Plaintiffs all actual damages sustained by Plaintiffs as a result of Defendants' infringement, said amount to be determined at trial; and that Defendants account for and pay to Plaintiffs all profits realized by Defendants by reason of Defendants' infringement of Plaintiffs' Watch Cover Patent as complained of herein, to the extent not already accounted for in the above-referenced assessment of actual damages;

(7)    Awarding Plaintiffs their reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285, as this is an exceptional case due to Defendants' willful and deliberate infringement; and

(8)    Awarding Plaintiffs any and all other relief that this Court deems just and proper.

Date: May 28, 2025                                 Respectfully submitted,


                                                  By: /s/ Michael Mitchell
                                                  Michael Mitchell IL #6324363
                                                  Shengmao (Sam) Mu NY #5707021
                                                  Abby Neu IL #6327370
                                                  Keaton Smith IL #6347736
                                                  **WHITEWOOD LAW PLLC**
                                                  57 West 57th Street, 3rd and 4th Floors
                                                  New York, NY 10019
                                                  Telephone: (917) 858-8018
                                                  Email: mmitchell@whitewoodlaw.com

                                                  *Counsel for Plaintiff*

# Schedule A

| DOE # | Seller Name | Platform | Seller ID |
|---|---|---|---|
| 1 | AilunUS | Amazon | A11HC9SRN13WHM |
| 2 | AirLand | Amazon | A211DMKAY2ZGJK |
| 3 | ALong Shop | Amazon | ALGR7M2S4MFK8 |
| 4 | AMBAND US | Amazon | A2WWLJ3GYTPNKE |
| 5 | Amizee | Amazon | A1FY1O51DABUHV |
| 6 | Apbands-US | Amazon | A1LQQGO4NXHE1J |
| 7 | Bersem | Amazon | A19TT7MNEOLFF1 |
| 8 | BOTOMALL | Amazon | A1OPI32MRBY8KN |
| 9 | En vo | Amazon | A1UQ1G5R9APBFD |
| 10 | Hailan | Amazon | A3NGUCHGJ9QU81 |
| 11 | Hankn | Amazon | A2AZIHY63W55JE |
| 12 | HATOSHI | Amazon | A22KABSFIY9M57 |
| 13 | JE Products US | Amazon | A1RI0YHZ8J2HZU |
| 14 | JELANRY | Amazon | AW8IJ6WKKXIYT |
| 15 | Jianchili | Amazon | A56OAYTSNXCNZ |
| 16 | jinjufa | Amazon | A19PAFXDUTAIOF |
| 17 | JIOGEWY | Amazon | AGF9RO3ZVI5Q2 |
| 18 | Joyce Young-US | Amazon | A3V9OBAJCQKUBJ |
| 19 | Julk Authorized | Amazon | AWFNTR6ODRRHO |
| 20 | JZK | Amazon | A2K3SWULV2S9J9 |
| 21 | KALING | Amazon | A1TH26NZCK9LP1 |
| 22 | KUWSEIY | Amazon | A2JRYDLX5MI4RD |
| 23 | KUYUBMINYR | Amazon | A16A4NTSSHVTD8 |
| 24 | LeisureBands-US | Amazon | A2UT04GU4AD6F4 |
| 25 | LETOID | Amazon | A212IWD7GSLE4D |
| 26 | merryme23 | Amazon | A3SQIS1VN1WDRN |
| 27 | Misxi | Amazon | A5O2XH5LDMOZ3 |
| 28 | MOKEDE | Amazon | A1EOHVETCT39DN |
| 29 | Newways-US | Amazon | A1SJSM3869SA8C |
| 30 | PHONEMAKER | Amazon | A3NIDAFDLMC5S2 |
| 31 | RHINOSHIELD | Amazon | A14P0RWICLX0AY |
| 32 | RoityDirect | Amazon | A30I17MSTN1X0G |
| 33 | SFMJewelry | Amazon | A23EHOQ6BZ0NY0 |
| 34 | Suoman | Amazon | A3A1R9G78TRWRQ |
| 35 | Tensea | Amazon | A1QY4OZ8T1VAKF |
| 36 | Tensea-US-Auth | Amazon | A3S97VFGZQRHD4 |
| 37 | TIGERtwo | Amazon | AO55OX5DAQZPO |
| 38 | Tocol Tech | Amazon | AITXY5P8FKT4U |
| 39 | WoYaQi Direct | Amazon | AEB4CXLNGFL0W |

| DOE # | Seller Name | Platform | Seller ID |
|---|---|---|---|
| 40 | Yin-Goton-Authoried | Amazon | A2F121TGSKEJQH |
| 41 | Yisau | Amazon | A31DUYEJR544OS |
| 42 | Yolovie | Amazon | A32X9F5F5FI7PW |
| 43 | Yunhai US | Amazon | A1UYZJVHHSCO9I |
| 44 | Yunjiantech | Amazon | A330D45V63J7VZ |
| 45 | ZHANGshop | Amazon | A3AV5RXE4YGAGE |
| 46 | ZZDZZ | Amazon | A2FQ7QE46YRHFX |
| 47 | SHI WEI DENG | SHEIN | 3424347108 |
| 48 | Bidesheng | Walmart | 3111356356 |
| 49 | Marketherapist | Walmart | 6696210577 |
| 50 | Phmnkl | Walmart | 2045757047 |
| 51 | Yiting | Walmart | 2867844578 |